Thank you, Judge. Then we'll proceed with the first case for argument, which is United States v. Juarez-Torres. Ms. Noel, you are up first. Oh, no, you're not up first. I'm sorry. I saw somebody on the screen. Mr. Gunn, you're up first. I'm afraid I'm up first. That means we lost below, Your Honor. I'm Carl Gunn, as Your Honor just acknowledged. I'm representing Mr. Juarez-Torres. I'm going to reserve two minutes to try to keep track of my time. There's three issues in the case. I'd certainly like to go anywhere the court would prefer to direct me, but if the court doesn't have a preference, I'll start with the guidelines issue and then hope to get to the others. I think there's three points that I think are most compelling about why the law enforcement officer provision should be interpreted to mean domestic, federal, state, or local law reform. First of all, there's the presumption against applying American statutes extraterritorially. That presumption is overcome only when there's a, quote, clear indication, unquote, that comes out of the Supreme Court's case law of intent to apply it extraterritorially. And there's no such clear indication here. So that's point number one, I think, that answers your question that's troubling me about this one. You do agree that we review the application of this enhancement for plain error? No, Your Honor, I don't. Was there an objection to this enhancement? There was not an objection, but this is a pure question of law. Well, even if it is a pure question of law, and I'm not sure it is, why don't we review for plain error? Well, there's a whole line of cases that I cite in the briefs. One is Evans-Martinez that says if you have a pure question of law and it gives the example of interpretation of guideline language, that that's reviewed de novo. And I think it gives the example of interpretation of guideline language, so I'd say yes. I know pure questions of law are reviewed de novo. I have no doubt about that. But don't you have to raise the question in the trial court in order for us to apply something other than plain error review? No, Your Honor, it's well established. The Evans-Martinez case I cite in the briefs, it cites two other cases before it. There's a number of cases after it that say if it's a pure question of law and it gives us an example of pure question of law, the interpretation of guideline language, that that gets reviewed de novo. Even in the absence of any objection? Correct. Okay. Let me move on then. My second question about this is whether or not the issue was waived. Mr. — the trial counsel in this case, who I think was pretty successful, actually, in terms of the sentence, because the guideline sentence was 360 months with this. Without it, it would have been 340, I think? No, I'm sorry. Without this enhancement, what would the guideline sentence be? It would have been 262 to, I think, 324. Right. And the actual sentence imposed was 240. Correct. But that's still a lot of time. No, it's still a lot of time. And it's more than double what any other defendant in the case had gotten. Right. But that's not what you're arguing here. What counsel did was he said, gee, I could raise objections to some of the enhancements, but I'm not going to do it, Your Honor. I'd read the sentencing minutes, and Judge Logan bought that argument. He said, yeah, you're right. This guy doesn't deserve a guideline sentence. I'm going to give him 240 months. So whether or not that was the right strategy, it seemed to me it looks like a tactical decision. Rather than get bogged down in the minutiae about a particular enhancement, Judge, I'm going to go for a home run and try to get you to vary greatly downward from the sentencing guideline. So why isn't that a waiver? Well, two responses, Your Honor. First of all, it might have been a reasonable decision, but here, of course, you have a conflicted attorney, which gets to our other issue. Oh, OK. Assume he's not conflicted. Assuming he's not conflicted. It's not a waiver, Your Honor. It would be a forfeiture if you didn't have the pure question of law overlay on that. It's not a waiver because under the Well, he says, he says, I have arguments I can make about the enhancements. He doesn't say precisely what they are. But I'm not going to make them, Your Honor. I really want to make a different argument to you. And he's, at least in gross terms, successful in that tactic. I think, Your Honor, under the Perez case, what you need is an affirmative showing that the defense attorney and or defendant were aware of that particular argument and decided to give it up. There is no indication in the record that this attorney thought of the argument that, quote, law enforcement officer, unquote, excludes foreign law enforcement officers. That's what you need under the Perez case, Your Honor. That's an en banc decision, of course. There has to be, like, affirmative evidence that the defendant considered this specific argument and decided to give it up. All you have here is just a general sort of reference to, I could have challenged some of the enhancements without even knowing which ones there are. Nothing about this enhancement in particular, and nothing about the issue of it not applying to foreign officers. So I really don't think you can find a waiver, Your Honor. You could find a forfeiture, except the forfeiture overlay is overridden, so to speak, by the case law on pure questions of law, in particular interpretations of guideline language. So I don't think the government can succeed on either the waiver argument or the plain error argument given the pure question of law, pure question of guidelines interpretation that I'm arguing. Counselor, I'm looking at some of the cases interpreting Evans, Martinez, and it says that whether or not we apply the plain error standard is purely discretionary. Do you agree with that? Or would we apply de novo in this context of unpreserved error? I don't know if I'd go so strongly to say purely discretionary. I think the standard practice of courts, Your Honor, is to, in the vast majority of cases, interpret pure questions of law de novo, where there's no prejudice to the opposing party. There's no prejudice to the government here. They've fully argued in every case. Yeah, but why should we exercise the discretion in this case, where clearly it was a tactical decision? Well, Your Honor, we don't know that. We don't know. If I had to bet, frankly, I guess I'm totally speculating, but I'd bet he didn't think of this particular argument. I mean, I can't get inside his head and know that. But I think what he decided is he decided, you know, there's some arguments. I expect he was more thinking about not exposing his client to acceptance of responsibility problems by arguing. If you look at what the client was saying in the guilty plea and the sentencing, he was probably concerned about not getting into all those factual disputes, because he was afraid that would hurt his client. Just turning to the merits of the argument on B-11, it doesn't say one way or the other whether or not there's a foreign or domestic law enforcement officer. The only thing is the comments that say that we're enacting this statute, which does have that local or Why isn't the statute just the floor? And they went clearly, you know, they went above that. If there was, they certainly could, but there's absolutely no indication that they did. What they say is, this is in response to... Well, the indication is that they didn't use those terms, domestic, local, or federal, state, or local. Yeah, which was in the statute. Correct. But there is the presumption against extraterritorial jurisdiction. There are already those limits in the statute that they're just responding to. And the third thing you have here is, you know, I think, you know, I talked about different, like other guidelines you could do the Russello comparison to, but there's one that I think is particularly significant. There's a guideline, a substantive guideline for bribery offenses. And that guideline in its background commentary specifically references bribery of foreign officials. So that's, I think, a very analogous example to where they said it there, they knew how to say it there, and they did, they didn't say it here. That's a guideline that deals with charged bribery offenses, right? Correct. That's not this case. No, correct, but it's another... Bribery is in effect an aggravator, an enhanced case. Correct. It's not the crime charge. Correct. But the point is, they're both bribery provisions, and that one they said foreign, and this one they didn't. And it's certainly one reasonable view to say we're going to leave corruption of foreign officials up to that foreign entity. Let me, I know you want to save a little bit of time for rebuttal, and I'll give you an extra minute because I'm going to use up your last minute on the frame. Let's assume that we are reviewing for plain error for a moment. Can we find plain error here in light of the unambiguous, in light of the sort of language of the guideline, which says law enforcement officials? Your argument about why it ought to be interpreted differently may be persuasive, but I'm not sure it's enough to make it plain error if we have to do that. It's harder, Your Honor, for sure, but I don't think it's impossible. You have the presumption against extraterritorial jurisdiction. You have another bribery guideline, albeit for its own offense, that uses the, that has specific references to foreign. And you have, you know, it's in, quote, in response to, unquote, a statute that specifically says federal, state, or local. I think you could find plain error based on that. There is case law that says you don't need a case on point to find plain error. You can find it from the language of the guideline. Counsel. Counsel. Judge Gould has a question. Yes, Your Honor. Judge Gould with a question for you, counsel. Under the plain error standard, you would have to show prejudice. And I realize you're urging it does not apply, but if it did apply, could you show prejudice? Yes, Your Honor, because there's two Supreme Court cases. One is, I believe, Martinez-Molina, and one is Rosales-Morales. They're cited in the briefs. Those two cases say that when you have an error in a guidelines calculation, it almost always affects substantial rights, and it almost always affects the integrity of the proceedings, unless there's something that dramatically shows different, and you don't have that here. So I think the two Supreme Court cases, which are cited in my briefs, Your Honor, pretty much dispose of the third and fourth prongs. And the government, I don't believe the government's even argued differently.  The proceedings, I don't believe, if there's no, if there's an error in the first place. Okay. Thank you, counsel. All right. We'll give you a minute for rebuttal. When you get back up, it would be helpful for me if you would address the DePue case in which a sentencing guideline issue that wasn't raised at trial was treated as only forfeited and therefore subject to plain error review. So I'm trying to figure out what, what review applies. I don't think that was a purely legal question, Your Honor, but I think I've just given you my response. Okay. That may be your answer. Thanks. Thank you. Ms. Noel, I was premature, but it's now your turn. Thank you, Your Honor. May it please the court, Kaitlin Noel on behalf of the United States. Over the course of the government's lengthy investigation into the Niebla Gonzalez drug trafficking organization, agents intercepted thousands of wire communications between DTO members. Those wire communications showed that defendant was a high-ranking member in the organization. He reported directly to the organization's leader. He coordinated the transportation of marijuana within the United States, directed the smuggling of guns and cash back to Mexico. He participated in the kidnapping and killings of rival gang members. And relevant to this case, this appeal, he bribed Mexican law enforcement officers to facilitate the drug trafficking. That's right. So could you focus on that last point because I don't think there's any question in this case about the sufficiency of the evidence. Why, how do we review the district court's decision to apply this enhancement? And under the standard of review that you urge, why is the enhancement appropriate? Your Honor, first, I would repeat the argument that defendant did waive this challenge. And as the court noted in its discussion with opposing counsel, this is more than a simple forfeiture. In this case, defendant in his sentencing memo at ER-41 stated the PSR writer attributed a number of relevant conduct enhancements that could be contested. However, Mr. Juarez has decided not to specifically argue the guideline calculations in the PSR. Let me interrupt you for a second. Mr. Dunn says, and there's some support in the case law, I think, for this. There's no indication that either trial counsel or defendant knew about this specific argument that it might not apply to bribery of foreign law enforcement officers. And absent that, we shouldn't find waiver. Could you respond to that? Your Honor, I'm not aware of the case law stating that the requirement is as specific as Mr. Dunn has described it. In this case, it seems clear. And I would point in particular to the Grimaldo case that defendant relies on in his reply brief where the court noted that, and this is in the context of a guideline error, an error that whether waiver occurred, the court looks at the knowledge of the error and whether the defendant sought to exploit that for any tactical advantage. Here we have clear indication in the sentencing memo that the defendant made an affirmative choice to focus the district court's attention on mitigating factors. And in particular, in this case, the defendant's relative lack of culpability compared to the leaders who remained fugitives in Mexico. I mean, as the court noted, he was pretty successful on that. And that was really a sound strategic decision given the evidence in this case, contesting any of these guidelines enhancements would have required focusing Judge Logan's attention on the actual conduct of the defendant. You know, it may have been a terrific tactical decision. I kind of think looking at this record and the sentence that Mr. Juarez received, it was probably a good tactical decision. But I want you to respond to Mr. Gunn's point. Mr. Gunn says even if it was a tactical decision, it's not a waiver in absence of some evidence that defense counsel or defendant knew about this particular argument, not just generally that he could challenge enhancements and expressly chose to waive it. I'm probably not making the point as well as Mr. Gunn tried to, but I think that's what he was trying to say. What is the what do you think the case law says about that? Your Honor, I'm just not aware of case law that says that it needs to be that specific that in this case that it's not enough to show that defendant recognizes that he could that there are arguments that could be made to challenge the enhancement, but that he needs there needs to be evidence in the record that he specifically understands the details of a particular argument. And in this case, more than just that, he could contest whether the bribery enhancement applied, but that he understood it could be specific, the exact argument that might be made. Exactly. I just I don't I don't see that in the case. While I've got you answering this question, I want to monopolize you for one more moment. Let's assume it wasn't waiver, but forfeiture. Do we review for plain error under that circumstance or do we review de novo because it involves an issue of law? Your Honor, it is the government's position that plain error review applies. I do recognize that this case, this court does have some case law, including the Evans Martinez decision that suggests that in a question of guidelines interpretation, it could be de novo review. I don't think that that is consistent with either Rule 52 or with Supreme Court precedent, including Alano. Well, although we often have stuff that's not that the Supreme Court might not agree with. Are we bound by Evans Martinez? Your Honor, I at this point, I believe the panel is bound by prior Ninth Circuit precedent. So does that precedent require us to then treat this as a de novo review or do we have, as Judge Bumate suggested, some discretion in making that decision? Your Honor, I think Judge Bumate is correct. I think there is some discretion. And this would be a case where it is particularly appropriate to apply that discretion given the nature, if this court weren't to find waiver, the nature of the forfeiture where it really is clear that this was a tactical choice rather than simply just an error in the statute. And so I think there is some discretion in making that decision, but I don't think it's toward applying a plain error standard here. This was a decision that Defense Counsel defendant made to obtain a strategic benefit by focusing the court's attention on the 3553A factors and asking for a variance. As you noted, Judge, that appeared to have worked despite the despite the really serious nature of defendants' involvement in the DTO here. The district court varied downward hugely, imposed a sentence far below the guidelines based on Defense Counsel's arguments, the unwarranted sentencing disparity argument in particular. And given that tactical choice, this is not the case where it would make sense to exercise any discretion in favor of giving defendant sort of another bite of the apple really because he's unhappy with how that tactical choice turned out. Well, Counsel, I have a couple of quick questions. Assuming that plain error review does apply, would there be prejudice here? Your Honor, I did not argue prejudice in my answering brief, and the reason for that is because of the Supreme Court cases that Mr. Gunn cited for the panel. The Supreme Court has made pretty clear that where there is an error in a guideline calculations that would result in a lower range, there is almost always a substantial effect on the defendant's rights. I think in this particular case, truthfully, I think that even if the panel were to conclude that the addition of the two-level enhancement was in error, I think it's highly unlikely that Judge Logan would apply a lower sentence given how much he already varied downward. But I think given the Supreme Court's case law on the subject, again, I did not argue that substantial rights prong based on that language. Okay, thank you, Counsel. Now, my second question was this. Assuming that we were to vacate the sentence and remand for resentencing, am I correct that the District Court could impose any sentence it wanted, could impose a higher sentence if it wanted to do so? I believe that is correct, Your Honor. There's no plea agreement here that limited the District Court's discretion, and there would be no other limiting factor there. Would there be a North Carolina and Pierce problem in the absence of new facts? In other words, I'm not sure a judge could give a higher sentence simply because somebody appealed and was successful. He'd have to have something more than the facts in front of him at the first sentencing, wouldn't he? This is all hypothetical. Yes, Your Honor. And I suppose that would depend on what happened at the new sentencing. If there really were no further facts presented, that might be an issue. But for example, if at a further sentencing hearing more evidence was presented regarding the bribery, you know, if the texts, if the wire communications themselves came into evidence or more information based on any other challenges to the guidelines that might come up, then it's possible that the District Court could end up imposing a higher sentence if that information was put before the court that wasn't previously before it. Any further questions for the government? If not, we'll give you a minute. Thank you, Your Honor. A couple of points, Your Honor. First of all, the strategy worked, yes, maybe yes, maybe no. This would have been overlaying a purely legal argument on the variance arguments. I don't think that really would detract from them. And who knows what the judge would have done if he was starting from 292, which is what it is. I think I said two. Do you want to, I guess to what Judge Gould's question suggests, do you want to find out? Um, yeah, sure. I don't think he's going to give more time. I mean, he had all the factual information before him. And although it's not our job, I suspect he's not going to give less either. Well, I don't know. He'll be, you know, if he starts from 292 instead of 300 or 360, you're basically talking about the 10-year variance becoming less than a five-year variance, a one-third variance becoming less than a 20 percent variance. And to the extent judges think in those terms, and I think most do, I think there's a good chance the 20 might become 18, 17, something like that. On going back to the waiver issue, Your Honor, the Grimaldo case is pretty dramatic. They defined no waiver in Grimaldo. Grimaldo, the defense attorney affirmatively agreed with application of the enhancement several times. He didn't just say, I'm not going to argue enhancements in general. He said, yeah, that enhancement that later got challenged on appeal is right. I mean, this far. Although that strikes me as closer to a forfeiture than an affirmative waiver. It's sort of, it's sort of, I'm not going to make any argument about that because I think it's right. Here, there seems to be a recognition by Mr. Iniguez that he had an argument, but he didn't want to make it. Now, your point is he didn't indicate what specific argument he had. Right. I can take a look at the case law to see. But I don't find the case you cite as strong on that point as if the lawyer had stood up and said, we waive all enhancement arguments. Yeah. The problem here, of course, is you have no idea whether the lawyer thought of this argument. Right. And that's what we need to figure out, whether it's part of the case. And given the background and the plea and the sentencing, you'd think that probably what his concern was, he didn't want to expose his client to these factual disputes where the client lost credibility. We've given you some extra time. We've taken you over. All right. I thank both counsel for the very good briefing and arguments in this case. And I hope it expresses no favoritism to say to the prosecutor, I hope you recover quickly. And I will, I will add to that. I'm sure Mr. Gunn has that. And we thank you for accommodating our schedule this morning. I'm very sorry that I didn't just jump in. And thank you for allowing me to appear remotely. With that, we will submit that case and we'll move on to the next case.
judges: GOULD, HURWITZ, BUMATAY